1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

EASTERN DISTRICT OF CALIFORNIA

12
13

RUBEN VALDEZ,

**1:14-cv-01839-MJS (PC)**

14

Plaintiff,

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

15

v.

16

JEFFREY BEARD,

**(ECF No. 19)**

17

Defendant.

18
19
20
21

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42

22

U.S.C. § 1983. He is proceeding on a Third Amended Complaint that, as screened,

23

states due process and equal protection claims against multiple Defendants. (See ECF

24

Nos. 16, 18.) Relevant here, the Court determined that Plaintiff stated an equal

25

protection claim based on his allegation that Defendants discriminated against him (an

26

inmate classified as a gang member) by not providing him equal access to housing and

27

activities that other similar discipline-free inmates are allowed to receive.

28

Plaintiff has since filed a motion for reconsideration of the Court's Screening

1

1
2
3
4

Order pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 19.) He contends that the Court erred when it applied a rational basis standard to his equal protection claim. He argues that a strict scrutiny standard should apply because his religious freedoms are impinged as a result of his current active prison gang member classification.

5
6
7
8
9
10
11
12
13
14
15
16
17
18

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

19
20
21
22
23
24
25
26
27
28

In addition, Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud...of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In the Screening Order, the Court held as follows:

> Plaintiff alleges that Defendants discriminated against him (an inmate classified as a gang member) by not providing him equal access to housing and activities that other similar discipline-free inmates are allowed to receive. Plaintiff also alleges there was no legitimate penological purpose for the policy. These allegations are sufficient to state an equal protection claim against Defendants.

(ECF No. 18 at 8.) Implicit is that a rational relationship test would apply to Plaintiff's equal protection claim because the class alleged—those inmates classified as a gang member—does not involve a suspect class. Plaintiff's assertion here that his religious freedoms are affected by the gang member classification does not alter the Court's analysis. This is because Plaintiff does not allege that Defendants treat him differently because of his religion, but instead because of his inmate classification. And since an inmate's classification as a gang member does not constitute a suspect class, see Allen v. Hubbard, 2011 WL 6202910, at *4 (C.D. Cal. Oct. 12, 2011), the rational relationship test applies to his claim.

Plaintiff has provided no evidence or circumstances that would satisfy the requirements of either Rule 59(e) or Rule 60(b).

1       For this reason, IT IS HEREBY ORDERED that Plaintiff's motion for

2  reconsideration (ECF No. 19) is DENIED.

3

4  IT IS SO ORDERED.

5     Dated:   __February 11, 2016__       ___/s/ *Michael J. Seng*___

6                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28