UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | **1:14-cv-01839-AWI-MJS (PC)**<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS; AND**<br><br>**GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(ECF NOS. 26, 42)**<br><br>**THIRTY-DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 302.

    On June 21, 2016, the magistrate judge issued a Findings and Recommendations ("F&R") to deny Defendants' January 6, 2016, motion to dismiss as to Plaintiff's due process claim and to grant it as to Plaintiff's equal protection claim. (ECF No. 42.) All of the parties have filed objections.

    In light of the parties' respective objections, the Court has conducted a *de novo* review. See 28 U.S.C. § 636(b)(1). With one exception, the Court agrees with the F&R.

    Plaintiff's due process claim is premised on the periodic reviews of Plaintiff's placement in the Security Housing Unit ("SHU") due to his gang validation. Plaintiff's claim in this action is that these periodic reviews were not constitutionally meaningful

1

and thus violated his due process rights. The specific periodic reviews at issue here were conducted on August 2, 2012 (Initial SHU Review); December 20, 2012 (180-Day Review); June 20, 2013 (Annual Review); July 23, 2013 (Approval of Annual Review's Recommendation); January 28, 2014 (180-Day Review); June 24, 2014 (Annual Review); October 6, 2014 (Approval of Annual Review's Recommendation); and January 7, 2015 (180-Day Review). Defendants object that the F&R erroneously recommended denying qualified immunity on the due process claim. Defendants object that because the law was not clearly established that Plaintiff had a Fourteenth Amendment due process interest in periodic meaningful reviews of his SHU placement, they are entitled to qualified immunity.

The F&R relied on *Toussaint v. McCarthy*, 801 F.2d 1080 (9th Cir. 1986), in recommending a denial of qualified immunity. However, as cited by Defendants in their objections, the Ninth Circuit's opinion in *Brown v. Oregon Dept. of Corr.*, 751 F.3d 983 (9th Cir. Apr. 29, 2014) suggests that a somewhat different result is necessary.[1] In *Brown*, the Ninth Circuit explained:

> Until now, this court has not addressed whether the absence of post-placement periodic, meaningful review of confinement in a disciplinary-segregation unit may give rise to a protected liberty interest. We previously have found a state-created liberty interest in review of prisoners' confinement arising from language of state prison regulations. See Toussaint v. McCarthy, 801 F.2d 1080, 1097-98 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472. However, the Supreme Court has since "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to 'the basic conditions' of life as a prisoner." Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 485). Thus, we must now evaluate whether the deprivation in question "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Although we conclude that a lengthy confinement without meaningful review may constitute atypical and significant hardship, our case law has not previously so held, and we cannot hold defendants liable for the violation of a right that was not clearly established at

---

[1] The Court notes that Defendants did not cite *Brown* in either their motion to dismiss or their reply. See Doc. Nos. 26, 37.

the time the violation occurred.

Brown, 751 F.3d at 989-90.  Defendants contend that, "until the Ninth Circuit's decision in *Brown*, it was not clearly established law that a lengthy confinement without 'meaningful review' (as defined by the court) may by itself constitute a constitutional violation."  Doc. No. 43 at 5:23-25.

Defendants' objections and reliance on *Brown* appear to be valid. With respect to the F&R, Defendants' periodic reviews of Plaintiff's SHU placement span a period from August 2, 2012 to January 7, 2015. To the extent that Plaintiff seeks to impose liability for Defendants' failure to provide meaningful reviews prior to *Brown*, Defendants are entitled to qualified immunity since that right was not clearly established until April 29, 2014.  See Brown, 751 F.3d at 989-90.  Defendants, however, are not entitled to qualified immunity for their post-*Brown* periodic reviews of Plaintiff's SHU placement (June 24, 2014; October 6, 2014; and January 7, 2015) since *Brown* established by then "that a lengthy confinement without meaningful review" may constitute a constitutional violation.  Id.

Having carefully reviewed the entire file, the F&R will be adopted consistent with this order.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The June 21, 2016, Findings and Recommendations (ECF No. 42) are adopted in part;
2. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:
   a. Defendants are entitled to qualified immunity on Plaintiff's due process claim for their periodic reviews occurring on August 2, 2012; December 20, 2012; June 20, 2013; July 23, 2013; and January 28, 2014. They are not entitled to qualified immunity for their periodic reviews occurring

3

on June 24, 2014; October 6, 2014; and January 7, 2015;

  b. Plaintiff's equal protection claim is dismissed without leave to amend; and

3. Defendants shall file an answer within thirty days from the adoption of these Findings and Recommendations.

IT IS SO ORDERED.

Dated:  September 15, 2016                  
                SENIOR DISTRICT JUDGE