UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　Defendants. | **1:14-cv-01839-AWI-MJS (PC)**<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT;**<br><br>**(2) DIRECTING CLERK OF COURT TO FILE FOURTH AMENDED COMPLAINT NUNC PRO TUNC;**<br><br>**(3) GRANTING DEFENDANTS' REQUEST FOR CLARIFICATION;**<br><br>**(4) GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME;**<br><br>**AND**<br><br>**(5) DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS.**<br><br>**(ECF NOS. 52, 53, 55, 59)** |

1

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 302.

The following motions are now pending before the Court: (1) Plaintiff's September 15, 2016, motion for leave to file a supplemental complaint (ECF No. 52); (2) Defendants' September 16, 2016, request for clarification (ECF No. 55); and (3) Defendants' October 11, 2016, motion for extension of time to file answer (ECF No. 59).

**I.     Relevant Background**

Plaintiff initiated this action on November 21, 2014, and filed a first amended complaint ("FAC") on January 23, 2015, before his original complaint was screened. (ECF Nos. 1, 8.) On May 7, 2015, the FAC was screened and found to state cognizable claims against some Defendants but not others. Plaintiff was directed to either file an amended pleading or notify the Court of his willingness to proceed on the FAC as screened.

On June 25, 2015, Plaintiff filed a second amended complaint ("SAC"). (ECF No. 14.) This pleading was screened on July 28, 2015, and also found to state cognizable claims against some Defendants but not others. (ECF No. 15.) Plaintiff was again directed to file either an amended pleading or notify the Court of his willingness to proceed on the SAC as screened.

Plaintiff filed the operative pleading, the third amended complaint ("TAC"), on August 24, 2015. (ECF No. 16.) This pleading was screened on October 15, 2015, and found to state cognizable due process and equal protection claims against the following Defendants: Beard, Castorena, Escobar, Lambert, Mahoney, Cano, Kraay, Galaviz, Rousseau, Gipson, Taber, Jennings, Sanchez, Pina, Pacillas, Lackovic, Smith, Kellogg, McGuire, Mayo, Mata, Holland, Prince, Chavez, Vasquez, Edgar, Garcia, Mayfield, and Patterson. (ECF No. 18.) Service was ordered November 2, 2015. (ECF No. 22.)

Defendants appeared on January 6, 2016, by filing a motion to dismiss. (ECF No. 26.) On June 21, 2016, the undersigned issued findings and recommendations to deny the motion to dismiss as to Plaintiff's due process claim and to grant it as to Plaintiff's equal protection claim. (ECF No. 42.)

District Judge Anthony W. Ishii adopted the findings and recommendations in part on September 16, 2016. (ECF No. 54.) Judge Ishii adopted the recommendation to dismiss the equal protection claim but found that Defendants were entitled to qualified immunity as to some of the conduct underlying the due process claim premised on the periodic reviews of Plaintiff's placement in the Security Housing Unit ("SHU") because of his gang validation. Specifically, the district judge concluded that Defendants were entitled to qualified immunity for conduct pre-dating <u>Brown v. Oregon Dept. of Corr.</u>, 751 F.3d 983 (9th Cir. Apr. 29, 2014) (the periodic reviews occurring on August 2, 2012; December 20, 2012; June 20, 2013; July 23, 2013; and January 28, 2014), but not as to conduct post-dating that decision (those periodic reviews occurring on June 24, 2014; October 6, 2014; and January 7, 2015). (ECF No. 54.) Defendants were directed to file an answer within thirty days from the date of that order.

Defendants now seek clarification of Judge Ishii's order adopting in part. (ECF No. 55.) Since only some Defendants were involved in the conduct post-dating the <u>Brown</u> decision, Defendants are inquiring as to the status of the remaining Defendants. Defendants have also moved for an extension of time to file their answer until resolution of their request for clarification.

Plaintiff, for his part, moves for leave to file a supplemental complaint. (ECF No. 52.) Defendants have not filed an opposition or statement of non-opposition to this motion, and the time for filing one has now passed. <u>See</u> E.D. Cal. Local Rule 230(*l*).

## II.     Plaintiff's Motion to Amend

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th

3

Cir. 1990) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)). However, the futility of amendment can by itself justify denial of leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Amendment is futile, inter alia, where the applicable statute of limitations bars the proposed amendments. See Deutsch v. Turner Corp., 324 F.3d 692, 718 n.20 (9th Cir. 2003); Platt Elec. Supply, Inc. v. Eoff Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008).

Plaintiff moves to file a Fourth Amended Complaint to add allegations regarding two additional periodic reviews of his SHU placement, one on July 14, 2015, and the other on March 3, 2016. He also seeks to add the inmate appeal number of his administrative grievance and the names and addresses of the Defendants named in their official capacities. Lastly, he seeks to clarify the period of time that he was held in the SHU; Plaintiff was released to general population on April 27, 2016. Since this amended pleading was filed before Judge Ishii's adoption in part of the undersigned's June 21, 2016, findings and recommendations, Plaintiff also re-asserts his now-dismissed equal protection claim.

The Court has reviewed the lodged Fourth Amended Complaint and finds that leave to amend is appropriate. Plaintiff's motion will therefore be granted subject to the following limitation: Plaintiff's due process claim related to Defendants' conduct that pre-dates the Brown decision and his equal protection claim are not actionable.

**III. Defendants' Request for Clarification**

The Court now turns to Defendants' request for clarification. Pursuant to the Court's October 15, 2015, Screening Order of the TAC, these Defendants were served with process and have appeared in this action: Beard, Castorena, Escobar, Lambert, Mahoney, Cano, Kraay, Galaviz, Rousseau, Gipson, Taber, Jennings, Sanchez, Pina, Pacillas, Lackovic, Smith, Kellogg, McGuire, Mayo, Mata, Holland, Prince, Chavez, Vasquez, Edgar, Garcia, Mayfield, and Patterson.

Following Judge Ishii's adoption in part of the undersigned's June 21, 2016, findings and recommendations, and considering the actionable claims asserted in the

Fourth Amended Complaint, this case proceeds against Defendant Beard and the following Defendants concerning these specific incidents:

- Defendants Jennings, Holland, Prince, Pina, Galaviz, and Chavez's "Annual Review" of Plaintiff's SHU placement on June 24, 2014;
- Defendant Castorena's October 6, 2014, approval of the June 24, 2014, action;
- Defendants Vasquez, Holland, Garcia, Edgar, Patterson, and Mayfield's "180-day review" of Plaintiff's SHU placement on January 7, 2015;
- Defendants Davey, Holland, Romo, Patterson, and Oliveira's "180-day review" of Plaintiff's SHU placement on July 14, 2015; and
- Defendants Perez, Campbell, Wilson, and Lester's "180-day review" of Plaintiff's SHU placement on March 3, 2016.

Defendants Beard, Jennings, Holland, Prince, Pina, Galaviz, Chavez, Castorena, Vasquez, Garcia, Edgar, Patterson, and Mayfield have already appeared in this action and will be directed to file an answer to the Fourth Amended Complaint.

Service has not yet been ordered on these Defendants: Davey, Romo, Oliveira, Perez, Campbell, Wilson or Lester. Accordingly, Plaintiff will be directed to submit documents necessary to effectuate service on them.

Defendants Escobar, Lambert, Mahoney, Cano, Kraay, Rousseau, Gipson, Taber, Sanchez, Pacillas, Lackovic, Smith, Kellogg, McGuire, Mayo, and Mata will be dismissed pursuant to Judge Ishii's Order.

**IV.   Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a supplemental complaint (ECF No. 52) is GRANTED;
2. The Clerk of Court is directed to file the lodged September 15, 2016, Fourth Amended Complaint (ECF No. 53) nunc pro tunc;
3. Defendants' September 16, 2016, request for clarification (ECF No. 55) is

GRANTED. Pursuant to Judge Ishii's September 16, 2016, Order:

   a. Defendants Beard, Jennings, Holland, Prince, Pina, Galaviz, Chavez, Castorena, Vasquez, Garcia, Edgar, Patterson, and Mayfield remain in this action;

   b. Defendants Escobar, Lambert, Mahoney, Cano, Kraay, Rousseau, Gipson, Taber, Sanchez, Pacillas, Lackovic, Smith, Kellogg, McGuire, Mayo, and Mata are hereby dismissed;

4. Defendants' October 11, 2016, motion for extension of time (ECF No. 59) is GRANTED. Defendants are directed to file an answer to the Fourth Amended Complaint within fourteen days from the date of this Order;

5. In light of the allegations asserted in the Fourth Amended Complaint, service is appropriate for these Defendants on Plaintiff's due process claim related to the periodic reviews of Plaintiff's SHU placement: Davey, Romo, Oliveira, Perez, Campbell, Wilson and Lester;

6. The Clerk of the Court shall send Plaintiff seven USM-285 forms, seven summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Fourth Amended Complaint filed December 10, 2015;

7. Within thirty (30) days from the date of this order, Plaintiff shall complete and return to the Court the Notice of Submission of Documents along with the following documents:

   a.   One completed summons for each Defendant listed in Paragraph 5 above,

   b.   One completed USM-285 form for each Defendant listed in Paragraph 5 above,

   c.   Eight (8) copies of the endorsed Fourth Amended Complaint filed September 15, 2016;

8. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court shall

6

direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

9. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   October 17, 2016                    /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE

7