UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | **1:14-cv-01839-AWI-MJS (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT ROMO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)**<br><br>**(ECF NO. 73)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Fourth Amended Complaint due process claim relating to periodic reviews of Plaintiff's placement in the Security Housing Unit due to his gang validation. All Defendants have now been served and have appeared but for Defendant Romo.

On March 30, 2017, a summons was returned unexecuted as to Romo with the following notation: "Per L/O, it was confirmed there was no L. Romo working at [Corcoran State Prison] at the referenced time frame in the complaint. They will not accept service. They believe the incorrect social worker was listed." (ECF No. 71.) Plaintiff was then ordered to submit new information for Romo within thirty days and was

1

informed that failure to do so could result in the dismissal of his claim against that Defendant pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff responded with a motion to stay service pending discovery and/or to order Defendants to reveal the potential defendant's real name. (ECF No. 73.) Plaintiff claims that his only knowledge of the defendant's s name is "from what CDCR officials provided to him as to those who made the decisions against him." Mot. to Stay at 1.

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period ...

The 90-day limit "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). "At a minimum, 'good cause' means excusable neglect." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). The court has broad discretion to extend time for service under Rule 4(m), even absent a showing of good cause for delay that would mandate an extension of time. Henderson, 517 U.S. at 662; Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

Plaintiff does not describe any effort by him, subsequent to the Court's order, to locate the defendant or identify information leading to his whereabouts. This reflects lack of diligence on his part. Plaintiff could have sought such information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other typical means available to him, including discovery, which was open during this period. Instead of availing himself of such opportunities, he seeks more time to undertake them and/or an order directing Defendants to provide information to him.

Without any information to help identify this individual, the Court declines to direct Defendants to conduct a fishing expedition on Plaintiff's behalf. See Armstrong v. Runnels, 2008 WL 1701906 (E.D. Cal. April 10, 2008) ("While the court can make

2

reasonable orders for opposing counsel to obtain and provide information that would assist in effecting service of process on a defendant whose identity is known, the court cannot direct opposing counsel to conduct a fishing expedition that may or may not reveal the correct name of a defendant. There simply is no basis in the law for the court to make such an order.") For the same reasons, the Court declines to exercise its discretion to extend the time for Plaintiff, who did not act when and as he could to find this Defendant, to now go fishing himself.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to stay service (ECF No. 73) is DENIED; and

IT IS HEREBY RECOMMENDED that Defendant Romo be dismissed pursuant to Rule 4(m) for failure to effect timely service.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __August 11, 2017__      /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE

3