UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JEFFREY BEARD,<br><br>　　　　Defendant. | **1:14-cv-01839-AWI-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 79)** |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding on a Fourth Amended Complaint stating a due process claim against multiple Defendants on grounds related to his continued placement in the Security Housing Unit as a validated gang member.

Defendants appeared on January 6, 2016, by filing a motion to dismiss. (ECF No. 26.) Following briefing, the undersigned issued findings and recommendations on June 21, 2016, recommending that the Defendants' motion be granted in part. (ECF No. 42.) Specifically, the undersigned recommended that Plaintiff's asserted equal protection claim be dismissed, but his due process claim, which was premised on conduct spanning a period from August 2012 to January 2015 be allowed to proceed.

Following the issuance of the findings and recommendations, Defendants filed objections on July 11, 2016 (ECF No. 43); Plaintiff filed objections on August 22, 2016 (ECF No. 48), and Plaintiff then filed a reply to Defendants' objections on August 29, 2016 (ECF No. 50). On review, the Honorable Anthony W. Ishii adopted the findings and recommendations in part after holding that any conduct of any of the Defendants' predating the Ninth Circuit's decision in Brown v. Oregon dept. of Corr., 751 F.3d 983 (9th Cir. Apr. 29, 2014), was entitled to qualified immunity. (ECF No. 54.) Judge Ishii further held that any conduct post-dating Brown was not entitled to qualified immunity.

Pending now is Plaintiff's motion for reconsideration of Judge Ishii's order to the extent it held that the Defendants' conduct predating Brown was entitled to qualified immunity. (ECF No. 79.) Plaintiff contends the Court "erred in both fact and law" for dismissing claims against Defendants that arose before April 2014.

Under Federal Rule of Civil Procedure Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

In addition, Federal Rule of Civil Procedure 60(b) governs the reconsideration of

final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud...of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's arguments in his motion for reconsideration were already considered in review of his reply to Defendants' objections to the findings and recommendations. Any additional arguments presented in the instant motion for reconsideration could have and should have been presented earlier. Since Plaintiff has provided no new evidence or circumstances that would satisfy the requirements of either Rule 59(e) or Rule 60(b), his motion must be denied.

For this reason, IT IS HEREBY RECOMMENDED that Plaintiff's motion for reconsideration (ECF No. 79) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 22, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

4