UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | **1:14-cv-01839-AWI-MJS (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(ECF NO. 74)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Fourth Amended Complaint due process claim, arising out of periodic review of Plaintiff's placement in the Security Housing Unit ("SHU") due to his gang validation. Now pending is Plaintiff's motion for leave to file yet another amended complaint. (ECF No. 74.) Defendants oppose the motion.

**I.  Procedural Background**

Plaintiff initiated this action on November 21, 2014, and filed a first amended complaint ("FAC") on January 23, 2015, before his original complaint was screened. (ECF Nos. 1, 8.) On May 7, 2015, the FAC was screened and found to state cognizable claims against some Defendants but not others. Plaintiff was directed to file either an

1

amended pleading or notify the Court of his willingness to proceed on the FAC as screened.

On June 25, 2015, Plaintiff filed a second amended complaint ("SAC"). (ECF No. 14.) This pleading was screened on July 28, 2015, and also found to state cognizable claims against some Defendants but not others. (ECF No. 15.) Plaintiff was again directed to file either an amended pleading or notify the Court of his willingness to proceed on the SAC as screened.

Plaintiff filed the operative pleading, the third amended complaint ("TAC"), on August 24, 2015. (ECF No. 16.) This pleading was screened on October 15, 2015, and found to state cognizable due process and equal protection claims against the following Defendants: Beard, Castorena, Escobar, Lambert, Mahoney, Cano, Kraay, Galaviz, Rousseau, Gipson, Taber, Jennings, Sanchez, Pina, Pacillas, Lackovic, Smith, Kellogg, McGuire, Mayo, Mata, Holland, Prince, Chavez, Vasquez, Edgar, Garcia, Mayfield, and Patterson. (ECF No. 18.) Service was ordered November 2, 2015. (ECF No. 22.)

Defendants appeared on January 6, 2016, by filing a motion to dismiss. (ECF No. 26.) On June 21, 2016, the undersigned issued findings and recommendations to deny the motion to dismiss as to Plaintiff's due process claim and to grant it as to Plaintiff's equal protection claim. (ECF No. 42.)

District Judge Anthony W. Ishii adopted the findings and recommendations in part on September 16, 2016. (ECF No. 54.) Judge Ishii adopted the recommendation to dismiss the equal protection claim but found that Defendants were entitled to qualified immunity as to some of the conduct underlying the due process claim. Specifically, the district judge concluded that Defendants were entitled to qualified immunity for conduct pre-dating <u>Brown v. Oregon Dept. of Corr.</u>, 751 F.3d 983 (9th Cir. Apr. 29, 2014), but not as to conduct post-dating that decision. (ECF No. 54.)

On October 18, 2016, the undersigned then granted Plaintiff's request to file a fourth complaint. (ECF No. 60.) In this supplemental complaint, Plaintiff added

allegations regarding two additional periodic reviews of his SHU placement occurring after he initiated this action. (ECF No. 53.)

On July 24, 2017, Plaintiff filed a second request to file an amended complaint. (ECF No. 74.) Defendants filed their opposition on July 27, 2017. (ECF No. 77.)

**B.    Legal Standards**

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Capital, LLC, v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Id. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

Granting or denying a motion to amend is a matter within the district court's discretion. See, e.g., Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010); Chappel v. Laboratory Corp. of Amer., 232 F.3d 719, 725 (9th Cir. 2000).

**C.    Discussion**

Plaintiff moves to file another amended pleading to (1) re-assert claims against a number of now-dismissed Defendants Plaintiff contends were dismissed in error; (2) add supporting facts to his due process claim; (3) add supporting facts to the dismissed equal protection claim; (4) add new Defendants whom Plaintiff claims were omitted by accident; and (5) limit the relief requested to declaratory relief and damages.

On review of the proposed pleading, the majority of which appears to be simply a

photocopy of the operative pleading, and the procedural history of this action, the Court finds that leave to amend should be denied. Plaintiff is presently proceeding on a Fourth Amendment Complaint. Other than highlighting the changes between the proposed and operative pleadings, Plaintiff fails to explain why he seeks another modification the eve of the amendment deadline and after he was already granted leave to modify his pleading many months ago. Merely requesting leave to amend without indicating the particular grounds for the amendment does not comply with the requirements of Federal Rule of Civil Procedure 15(a). U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois, 244 F. Supp. 2d 1057, 1065 (C.D. Cal. 2002).

Next, Plaintiff simply re-asserts the same due process claim that was previously found to be cognizable. Insofar as he seeks to assert new facts, none of these are materially different from those previously alleged. Therefore, amendment on this ground would be futile.

To the extent Plaintiff seeks to re-assert dismissed claims (including his due process claim pre-dating the Brown decision) and any dismissed Defendants, this is an improper procedure through which to do so.

Lastly, Plaintiff seeks to add four new Defendants whom he asserts "were omitted by accident." Plaintiff provides no other explanation for the late-addition of these individuals, and this case, which has been pending for nearly three years, is already proceeding on a Fourth Amended Complaint. With the discovery deadline now passed, the addition of these new Defendants would necessarily result in the reopening of the discovery period, further delaying this action and increasing legal costs as the newly-added Defendants propound and respond to discovery and Defendants once again depose Plaintiff. In any event, Plaintiff fails to link the Defendants he now seeks to add— Perez, Campbell, Wilson, and Lester—to any specific conduct. He claims only that they "carried out, enforced" certain unconstitutional policies. There are insufficient allegations linking these Defendants to any purported constitutional violation. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010). Accordingly, amendment to add

them would be futile as Plaintiff fails to state a claim as to any of them.

**D. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint (ECF No. 74) is DENIED.

IT IS SO ORDERED.

Dated: December 22, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE